THE STATE, CARRIE B. TAYLOR, PROSECUTRIX, v. GARRET P. SMITH ET AL.

1. The imposition authorized by the "Act to incorporate the Plainfield Fire Department," approved March 3d, 1854, is of the nature of a property tax, and being obnoxious to the constitutional requirement that "property shall be assessed for taxes under general laws and by uniform rules, according to its true value," was immediately repealed by the adoption of that requirement as an amendment to the constitution.

2. The tax imposed under that act cannot be maintained or imposed by the court under the act of March 23d, 1881 (*Rev. Sup., p.* 602), because the Plainfield Fire Department is a private corporation and not a

political corporation or division of the state, and so the grant of the power of taxation to it was not within the power of the legislature.

---

By an act entitled " An act to incorporate the Plainfield Fire Department," approved March 3d, 1854, the " owners or proprietors of dwelling-houses or other buildings, or of stores of goods, wares or merchandise of any description, liable to injury by fire," situated within limits defined by the act, in the township of Plainfield, in the county of Essex (now Union), and in the township of Warren, in the county of Somerset, were created a body corporate by the name of the Plainfield Fire Department.

The purposes for which the corporation was created, as set out in the act, are, in general, the procuring and maintaining of apparatus and organizations for extinguishing fires.

The corporation is controlled by officers, who, by the provisions of the act, are elected by the members.

It is further provided that the members are annually to determine the amount of money to be raised by assessment for the use of the corporation for the ensuing year, and within sixty days the assessor is to return to the managers a " list of all buildings and stores of goods, wares or merchandise as aforesaid, within said limits, with the value thereof and the names of both the owners and occupants of the buildings and owners of goods, wares and merchandise, together with an assessment upon each building or store as aforesaid, of its equitable proportion of the sum voted to be raised by the corporation, making just allowances for the various degrees of hazard and liability to injury by fire to which said buildings and stores may be exposed."

The act further provides that if the sum so assessed is not paid by a time prescribed, proceedings may be taken to collect the same by a warrant issued by a justice of the peace and served by a constable, which officers are to proceed therein in the manner prescribed by the general Tax act.

Supplements to the above act have altered it in particulars

not material to the present controversy, except that thereby the limits of the original act have been extended.

In 1886 prosecutrix owned a house and barn within the then limits of said corporation, and was assessed for the same the sum of $21. Not having paid that sum, a warrant was issued and personal property of prosecutrix was levied upon.

Thereupon prosecutrix sued out a *certiorari*, and thereby the proceedings to impose, assess and collect the said sum have been brought up.

Argued at June Term, 1887, before Justices DEPUE, KNAPP and MAGIE.

For the prosecutrix, *C. A. Marsh.*

For the defendants, *Suydam & Stillman* and *Stockton & Johnson.*

The opinion of the court was delivered by

MAGIE, J. Prosecutrix contends that in assessing upon and attempting to collect from her the sum of $21 for the use of the Plainfield Fire Department, the defendants were acting without the warrant of any valid legislation.

It is quite apparent that the assessment complained of is of the nature of a tax. The act under which it has been made calls it a tax. The officer empowered to impose it is called an assessor. The amount of the assessment imposed is to be collected by the use of the same process, issued by and to the same public officers as perform like functions in the enforcement and collection of ordinary taxes. Defendants' counsel make no debate on this subject, but seek to justify the imposition of this sum as a tax for a public purpose.

It is equally plain that the tax in question is of the nature of a property tax. It is not imposed upon individuals as a poll or franchise tax. It is not imposed by reason of any special benefit conferred upon property, increasing its value and justifying a special tax therefor. The prescribed imposi-

tion falls annually, by reason of a recurring benefit, upon the owners and occupants of certain kinds of property, solely upon the ground of their ownership or occupation. In these respects it is identical with ordinary taxes upon property.

The constitutional provision that "property shall be assessed for taxes under general laws and by uniform rules, according to its true value," executed itself immediately upon its adoption, and operated, without any legislative action, as a repealer of all tax laws not in accord with it. *North Ward Bank* v. *Newark,* 10 *Vroom* 380; *S. C.,* 11 *Vroom* 558.

Testing the scheme of taxation prescribed by the Plainfield Fire Department act by this constitutional provision, it is at once perceived that it contains features obnoxious thereto. While it seems to be now settled that the legislature may select for taxation classes of property without contravening this provision, yet to sustain such legislation the classification adopted must be based on proper distinctions, and be complete and not partial. In the law before us, the property selected for taxation consists only of buildings and stores of goods, wares and merchandise. All other property is exempted. The sole quality or characteristic which distinguishes the included from the excluded property is that the former is liable to be injured or destroyed by fire. This distinction cannot, in my judgment, be admitted to be sufficient to justify the classification of property for taxation, even for the purpose of affording protection against fire; but, if this could be conceded, yet the classification adopted in this act is defective and partial, because it only includes such personal property as is covered by the phrase, "stores of goods, wares and merchandise," and excludes all other personal property, although equally liable to be injured or destroyed by fire. Moreover, by this act taxation is not imposed by a uniform rule, according to the true value of the property. The standard fixed is not true value, but that value as modified by the peculiar hazard or liability to injury by fire.

For these reasons, the special mode of imposing these taxes for the use of the Plainfield Fire Department was irrecon-

cilable with the requirements of the constitutional amendment, and upon its adoption was thereby abrogated.

This result would render unnecessary any further consideration of the questions presented by the record before us, but for the imperative provisions of the act of March 23d, 1881 (*Rev. Sup.*, *p.* 602), which forbid the setting aside of any tax, even for illegality, if the person against whom it was laid is liable to taxation for the purposes for which it was laid, and which require the court in that case to determine and fix the amount for which such person is legally liable to taxation.

The abrogation of special tax laws by the constitutional amendment, left in full operation the general tax law then existing. *North Ward Bank* v. *Newark, supra.* Where special tax laws were obnoxious to the constitution as amended, and so repealed, the provisions of the act of March 23d, 1881, have been applied, and taxation justified under the general tax law. *Auryansen* v. *Hackensack,* 16 *Vroom* 113. The act of March 23d, 1881, however, does not confer on the court original power to tax or assess, but only to apply the provisions of existing valid laws on the subject to the case before the court. *Reynolds* v. *Paterson,* 20 *Vroom* 380 ; *Meeker* v. *Elizabeth,* 16 *Vroom* 157.

The court is therefore compelled to proceed to determine whether any valid assessment upon prosecutrix for the use of the Plainfield Fire Department can be made under any existing law.

None of the acts relating to the Plainfield Fire Department have been, or can be, claimed to confer the power of taxation, except the original act creating that corporation, approved March 3d, 1854.

The general powers conferred by that act were to procure and maintain apparatus, and to establish organizations adapted to extinguish fires. Such powers, if conferred for the benefit of the public, are doubtless of a public nature, and may be exercised by the legislature, or conferred, with other powers promotive of the public welfare, in localities, upon local governments. Almost every municipality in the state has thus

acquired power to establish and maintain a fire department. When powers of this character are conferred upon local governments, immemorial usage has justified the delegation therewith of the power of taxation, so far as is requisite to enable them to use the other powers granted.

But to justify any imposition of tax upon persons or property the purpose to be effected must be a public one. An individual or private corporation may, for the protection of their property, purchase and hold engines and organize their employees into companies. Several owners of property may unite in doing the same acts for the protection of the property of each. They may doubtless acquire a corporate capacity for that purpose. But in these instances no duty is owed to the public or to any save those interested. No one could be compelled to unite in or contribute to such a private enterprise under the guise of a tax.

A careful perusal of the act before us leaves the mind in doubt whether the purpose designed to be effected was public or private. It does not, in terms, impose on the corporation or its officers any duty to the public. Its silence respecting the scope of its operation, seems to justify an inference that it was solely designed for the protection of the property of its members. The provision for raising money, not by a call upon its members, but by a tax, levied and enforced in modes borrowed from the laws relating to taxes for public purposes, seems to afford some indication that the purpose designed was a public one.

But if it be conceded that the purpose to be subserved by this corporation was not private, but public, the validity of the imposition of a tax by it is not thereby established. Nothing has been better settled in this state than that the legislature has no authority to delegate the power of general taxation over persons or property, except to political divisions or corporations of the state, and that for the sole purpose of enabling them to exercise the powers of government conferred on them within their locality. The powers of government conferred on them may be limited; two (or perhaps more) of

Taylor v. Smith.

such corporations, each wielding different powers, may co-exist over the same locality; but to justify the delegation of taxing power they must have a public character. To confer that power on individuals or private corporations has never been conceded to be within the constitutional power of the legislature. *Baldwin, State, pros.*, v. *Fuller*, 10 *Vroom* 576; *S. C.*, 11 *Vroom* 615; *Hoey, State, pros.*, v. *Collector*, 10 *Vroom* 75; *Lydecker, State, pros.*, v. *Englewood*, 12 *Vroom* 154; *Auryansen* v. *Hackensack*, 16 *Vroom* 113.

In the Lydecker case, above cited, the question presented related to the validity of an act which created a board of commissioners with power to build sewers in a part of the township of Englewood, which board was to be elected by the male and female resident land-owners of the district, and the cost of the scheme was to be defrayed in part by a tax on the lands therein, to be levied and collected by the township officers. In the opinion of Mr. Justice Dixon the characteristics of the local corporations to which taxing power may be delegated were thus described :

" These distinctive marks are, I think, that they embrace a certain territory and its inhabitants, organized for the public good or advantage, and not in the interest of particular individuals or classes ; that their chief design is the exercise of governmental functions, and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately, within their territory, for the peculiar benefit of the people there residing. Bodies so created are not merely creatures of the state, but parts of it, exerting the power with which it is invested for the promotion of these leading purposes which it was intended to accomplish, and according to the spirit which actuates our republican system. They are themselves commonwealths, and therefore are properly entrusted with the sovereign power of taxation to meet their own necessities."

The grant of power to lay a general tax on lands within the district covered by that act, was held not to be within the power of the legislature.

The act before us shows a plain legislative intent to create a mere private corporation. This appears from the fact that the legislature deemed it judicious to retain over it the power of a repeal and alteration, which was effected by the clause subjecting it to the restrictions and liabilities of the general Corporation act. The absence of a public quality in the corporation created appears in various ways. It operates not for the benefit of the people of the district, but only of a class, viz., the owners of a certain kind of property. Its membership does not include the inhabitants of the district, but only the owners of such property. The power to elect officers to manage the corporation, and to determine what amount of money shall be raised for its use, is expressly limited to its members who may be non-residents, aliens, male or female. The legal voters of the district, not owners of the kind of property qualifying for membership, are excluded from any interest or control. In these features the act is identical with the act dealt with by this court in the Lydecker case, and the same result must follow, so far as relates to the power to impose the tax in question.

This result disposes of the question respecting the duty of the court. The act which has been discussed gave no valid authority for imposing this tax on the prosecutrix. No other act has been suggested or discovered granting such authority. Prosecutrix was therefore never in fact liable to this taxation. The tax upon her must, for its obvious illegality, be wholly set aside. Prosecutrix will be entitled to recover her costs.